362 So.2d 82 (1978)
William CANADAY, Appellant,
v.
Lance GRESHAM, Etc., et al., Appellees.
Nos. 77-1900, 77-2028.
District Court of Appeal of Florida, Third District.
August 15, 1978.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Goldman, Goldstein & Paczier, Miami, for appellant.
I.R. Mayers, Miami, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant/petitioner, William Canaday, the natural father of two minor children, appeals from two orders denying his motions to vacate the final judgment of *83 adoption rendered in favor of appellee/respondent, Lance Gresham, the stepfather of the children and the husband of Jane Canaday Gresham, the children's mother and former wife of appellant.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the trial judge erred in denying appellant's motions to vacate the final judgment of adoption previously entered in favor of appellee. The record affirmatively reveals that appellant had no notice of the institution of these proceedings to adopt his children. Personal service of process was never made nor attempted. In addition, even though it appears that the whereabouts of appellant could have been ascertained by appellee through appellant's mother, who lived only one mile from appellee, constructive service of process was never utilized as a means of notification.
Notice is a fundamental prerequisite to any adoption proceeding. Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208 (1943); Grissom v. Dade County, 293 So.2d 59 (Fla. 1974); In re Adoption of Shaw, 198 So.2d 87 (Fla. 3d DCA 1967); Section 63.122(2), Florida Statutes (1977). As appellant, the natural father of the children, never received the requisite notice, the final judgment of adoption is void.
Reversed and remanded for further proceedings.